UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CYNTHIA FIRESTINE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO.  1:01-CV-0414 |
| | ) | |
| PARKVIEW HEALTH SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION AND ORDER</u>

Before the court is Plaintiff's Consolidated Final Request for Attorneys Fees and her Consolidated Final Request for Costs filed on May 5, 2005 in accordance with this court's Opinion and Order dated May 2, 2005.  On May 11, 2005, Defendant filed its Final Objection to Plaintiff's Petition for Fees to which Plaintiff replied on May 16, 2005.  For the following reasons, Plaintiff will be awarded $152,165.63 in attorneys fees and $3,297.27 in costs.

**<u>Background</u>**

Plaintiff brought the instant lawsuit alleging retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., after she voiced complaints concerning discrimination based on her religion. The undersigned granted summary judgment to the defendant but the Seventh Circuit Court of Appeals reversed and remanded the case for trial.  *Firestine v. Parkview,* 388 F.2d 329 (7th Cir. 2004).  After a three day trial, a jury concluded that the Defendant engaged in unlawful retaliation and awarded the plaintiff $1,100.00 in compensatory damages and $40,315.00 in punitive damages.  Thereafter, the undersigned authorized $21,300 in backpay and $2,420.00 in prejudgment interest.  The court turns now to the issue of attorneys fees and costs.

1

**Attorneys' Fees**

Plaintiff requests attorney fees in excess of $170,000.00 for 913.40 hours of work expended. Prevailing parties are expressly authorized to recover "a reasonable attorney's fee (including expert fees) as part of the costs" under Title VII. 42 U.S.C. § 2000e-5(k). The district court has broad discretion to determine the reasonable fees and costs that should be awarded. *Photosomphone v. Allison Reed Group, Inc.,* 984 F.2d 4, 6 (1st Cir.1993) (stating that in determining reasonable attorney's fees, "the trial court's range of discretion is particularly broad."). Indeed, the trial court is in the best position to determine the reasonableness of a fee award, given its familiarity with the case and the attorneys' work product. *Tenner v. Zurek,* 168 F.3d 328, 330 (7th Cir.1998).

Parkview does not dispute that the above statutory language permits an award of fees; rather, Parkview contests the amount of the fees requested, arguing that the amount requested is unreasonable and excessive, and that many of the fees sought were unnecessary to prosecuting the case.

To determine reasonable attorneys' fees, the court first calculates the "lodestar" amount by multiplying the number of hours reasonably expended by the appropriate hourly rates for attorneys. See *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "[T]he district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.,* 166 F .3d 422, 425 (2d Cir.1999) (citing *Hensley,* 461 U.S. at 433-35, 440). While the lodestar can then be adjusted in light of factors such as the results obtained, *Hensley,* 461 U.S. at 434, "there is ... a strong presumption that the lodestar figure represents a reasonable fee." *Quaratino,* 166 F.3d at 425 (citation and internal quotation omitted). Accordingly, the court turns first to a calculation of the lodestar.

2

**I.**     **Calculation of the Lodestar**

     *a.*     ***Reasonable Hourly Rates***

A "reasonable" hourly rate should reflect the "market rate" for the attorney's services, *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No*. 205, 90 F.3d 1307, 1310 (7th Cir.1996); the market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir.1999). "The burden of proving the 'market rate' is on the fee applicant; however, once the attorney provides evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Id.* at 554-55 (internal citations omitted).

The reasonable hourly rates proposed by Plaintiff for the attorneys working on her case vary depending upon experience from $175.00 per hour to $225.00 per hour.  These rates reflect the fact that during the course of this long litigation, the Plaintiff's attorneys' rates have changed to reflect the particular attorney's degree of experience. Parkview has not taken issue with the hourly rates charged by Plaintiff's counsel or presented any rebuttal evidence suggesting that these amounts exceed the market rate. *See Connolly*, 177 F.3d at 597 (party opposing fee award demonstrated that hourly rates charged were unreasonable by submitting multiple affidavits of attorneys with similar experience stating that rates "greatly exceeded the rates those attorneys would ordinarily charge in similar cases.").     Indeed, this court has reviewed the hourly rates charged by Plaintiff's counsel and find them to be reasonable based upon the prevailing market rates in the community for similar

work by attorneys of similar experience.[1]  Accordingly, the Court accepts these rates as reasonable hourly rates for the attorneys working on Plaintiff's case.

Plaintiff also seeks fees for services of legal assistants[2] working on her case based upon hourly rates ranging from $75.00 to $85.00 per hour. Again, Parkview does not take issue with the hourly rates charged for paralegal and legal assistant services.  It does, however, contend that many of the charges are purely clerical or administrative tasks which should not be billed at a paralegal rate. *See Id.* at 288 ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").  Indeed, as Parkview points out, "[a]ttorneys do staff their law firms with various 'levels' of employees, and it is not unreasonable to require those attorneys to delegate work to the correct level, according to its complexity." *People Who Care v. Rockford Bd. of Educ., School Dist. No. ,* 205 90 F.3d 1307, 1315 (7th Cir.1996). In Parkview's estimation then, a number of tasks were not properly delegated to the appropriate staff person and thus, they are being excessively charged for administrative and secretarial tasks.  The court shall scrutinize this

---

[1]Lead counsel, Cynthia Rockwell, has been a partner specializing in employment discrimination litigation at the law firm Haller & Colvin, P.C. since 1995.  She has practiced law for 16 years, in various capacities, and has throughout the course of her private practice, represented numerous clients in this court.

Co-counsel, Lori Jansen, has been practicing with Haller & Colvin since 2000 and also specializes in employment litigation.  Prior to practicing with her present firm, Ms. Jansen was employed for four years with the law firm of Myers & Geiselman with a focus on employment litigation.   She has been intimately involved in the appeal and trial of this case.  She also represents clients regularly in this court.

[2]It is unclear to the court whether the firm of Haller & Colvin, P.C. considers the position of legal assistant synonymous with paralegal.  Parkview assumes that the term legal assistant is the same as paralegal in its objections and, at times, in its filings Plaintiff refers to the legal assistants as paralegals. No information has been submitted regarding the education, training or experience of the legal assistants/ paralegals to justify the billing rate.  Nonetheless, because Parkview does not object to the hourly rates but only to the time expended, the court's focus is on the latter.  Further, it is clear that paralegal expenses are part of the reasonable attorneys' fee allowed by the Civil Rights Attorney Fees Awards Act. See *Heiar v. Crawford County,* 746 F.2d 1190, 1203 (7th Cir.1984).

issue in the next section but, for now, the court summarizes the reasonable hourly rates as follows:

|  | Position | Rates |
|---|---|---|
| Cynthia Rockwell (10)[3] | Lead Counsel | $195.00 through 11/1/2001<br>$210.00 11/1/2001 - 1/1/2004<br>$225.00 1/1/2004 - present |
| Lori Jansen (17) | Co-Counsel | $175.00 through 1/1/2004<br>$185.00 1/1/2004 - present |
| George Sistevaris | Counsel | $200.00 |
| Sharon Farnbach (24) | Legal Assistant | $80.00 through 1/1/2004<br>$85.00 1/1/2004 - 3/31/2004 |
| Kathy Sasser (24) | Legal Assistant | $80.00 through 1/1/2004<br>$85.00 1/1/2004 - present |
| April Horrigan (31) | Legal Assistant | $75.00 |

### b.     *Reasonable Hours Expended*

With respect to the number of hours expended on the case, hours that an attorney would not properly bill to his or her client in the private sector cannot properly be billed to the adverse party under a fee-shifting statute.  Thus, plaintiff's counsel should exclude from his or her request excessive, redundant or otherwise unnecessary expenses; in the event counsel does not exercise such judgment, the district court may reduce the number of hours accordingly. See *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

Lead counsel on Plaintiff's case represents that she has exercised billing judgment and

---

[3]The number in parenthesis indicates the individual's timekeeper number as set forth on the billing submissions.

removed all hours that were excessive or redundant. Parkview, however, takes issue with numerous time entries, each of which will be categorized and discussed below.

### 1.    Summary Judgment

Parkview objects to 78.4 hours[4] of attorney time spent on responding to a motion for

---

[4]The following time entries were utilized to calculate these hours:

| Date | Timekeeper | Hours |
|------|-----------|-------|
| 12/16/02 | 10 (Rockwell, Esq) | 1.60 |
| 12//18/02 | 10 | .30 |
| 1/16/03 | 17 (Jansen, Esq.) | 2.5 |
| 1/17/03 | 17 | 1.5 |
| 1/21/03 | 17 | 4.0 |
| 1/24/03 | 17 | 7.0 |
| 1/30/03 | 17 | 5 |
| 1/31/03 | 17 | 5 |
| 2/03/03 | 17 | 4.5 |
| 2/04/03 | 17 | 5.7 |
| 2/5/03 | 17 | 8 |
| 2/6/03 | 10 | 4.0 |
| 2/6/03 | 17 | 5 |
| 2/7/03 | 17 | 6.8 |
| 2/10/03 | 17 | 6 |
| 2/11/03 | 17 | 5.7 |
| 2/12/03 | 10 | .8 |
| 2/12/03 | 17 | 4.5 |
| 3/03/03 | 10 | .30 |
| 3/03/03 | 17 | 1.0 |
| **Total** | **(10)**<br>**(17)** | **6.2 hours at $210.00 hourly rate**<br>**72.2 hours at $175.00 hourly rate** |

summary judgment and filing a motion to strike, claiming that to expend nearly two full weeks on these is excessive.  By way of comparison, Parkview notes that its counsel drafted both a summary judgment motion and a reply brief but expended only 59.4 hours on both briefs.  Certainly, in a typical case, something much less than 78 hours in attorney time is required to defend against a summary judgment motion.  *Baker v. John Morrell & Co.*, 263 F.Supp.2d 1161, 1197 (N.D. Iowa, 2003) ("In a run-of-the-mill case, the court agrees that 25 hours would probably be sufficient to prepare a resistance to a summary judgment motion.").   The present case, while not an extraordinarily complex or novel claim, did have several key issues that required careful attention and briefing by the attorneys. Moreover, the court appreciates that a response to summary judgment is critical in an employment discrimination case, as it is in many cases, since it is the sole opportunity for the opposing party to speak to the court.  All told, however, the court does not find it reasonable for two experienced employment law attorneys to spend 78 hours on a case that contained, at best, one or two critical issues.  As a result, the court shall allow a majority of the hours assessed by counsel but shall reduce this amount by 20% given the expertise of plaintiff's counsel in this area. See *Baker*, 263 F.Supp.2d at 1197 (finding 44.5 hours reasonable "given the complexity of the motion, the number of issues raised, and the excellent quality of the brief and argument").  Attorney Jansen's hours (at the hourly rate of $175.00) shall be reduced by 12.4 hours and Attorney Rockwell's hours (at the hourly rate of $210.00) shall be reduced 1.24 hours.

## 2.      **Appeal Fees**

Parkview next objects to the 116.8 attorney hours spent on Plaintiff's appellate briefs, various fees charged for moot court oral argument practice engaged in by plaintiff's counsel prior

to oral argument on this case, charges for co-counsel to attend oral argument, and fees for contacting the National Employment Lawyer's Association ("NELA") and the Equal Employment Opportunity Commission ("EEOC") to have these organizations aid in the appeal or file an amicus brief on her behalf.[5]

A review of the relevant time entries demonstrates that plaintiff's counsel actually spent 114.5 hours[6] drafting, researching, and finalizing their appellate briefs.  Included in this amount is

---

[5]  Parkview also object to a number of entries because they are clerical tasks that should be delegated to secretaries and not legal assistants or paralegals, an issue that will be separately addressed herein.

[6]This total omits various other appellate tasks such as preparing and filing the notice of appeal, docketing statement, and various other requirements for appeals mandated by the Seventh Circuit.  Time entries utilized in this calculation are as follows:

| Date | Timekeeper | Hours |
| --- | --- | --- |
| 3/14/03 | 10 (Rockwell, Esq.) | 1.00 |
| 4/1/03 | 10 | 2.00 |
| 4/2/03 | 10 | .30 |
| 4/10/03 | 10 | 1.50 |
| 4/21/03 | 10 | .30 |
| 4/25/03 | 10 | .80 |
| 4/28/03 | 10 | .80 |
| 4/30/03 | 10 | 2.50 |
| 5/01/03 | 10 | 2.50 |
| 5/07/03 | 10 | 4.40 |
| 5/13/03 | 10 | 3.0 |
| 5/14/03 | 10 | 10.00 |
| 5/15/03 | 10 | 2.00 |
| 5/21/03 | 10 | 2.70 |
| 5/22/03 | 10 | 1.00 |
| 5/23/03 | 10 | 2.00 |

time spent by plaintiff's counsel contacting the EEOC and NELA to intercede and/or aid in the

plaintiff's appeal.  This amount is double what the court has already authorized for attorney time

expended opposing Parkview's summary judgment motion.  Nevertheless, the court is cognizant that

an appeal requires a different analysis from that at the summary judgment stage and appellate briefs

are much more time consuming than ordinary briefs.  Certainly, the hours expended here (nearly

| 6/03/03 | 10 | 3.00 |
|---------|------|------|
| 6/04/03 | 10 | .30 |
| 6/11/03 | 10 | 12.00 |
| 6/11/03 | 17 (Jansen, Esq.) | .50 |
| 6/12/03 | 10 | 4.00 |
| 6/24/03 | 10 | 2.00 |
| 7/01/03 | 10 | .30 |
| 7/02/03 | 10 | 2.80 |
| 7/14/03 | 10 | 10.00 |
| 7/15/03 | 10 | 3.40 |
| 7/31/03 | 10 | .50 |
| 8/04/03 | 10 | .50 |
| 10/08/03 | 10 | 10.00 |
| 10/09/03 | 10 | 14.00 |
| 10/10/03 | 10 | 4.00 |
| 10/10/03 | 17 | .80 |
| 10/13/03 | 10 | 6.00 |
| 10/14/03 | 10 | 2.00 |
| 10/15/03 | 10 | 1.00 |
| 10/15/03 | 17 | .60 |
| **TOTALS** | **10**<br>**17** | **112.6 hours at $225.00 hourly rate**<br>**1.9 hours at $175.00 hourly rate** |

three complete work weeks) are on the high end of what this court finds reasonable even considering the issues presented, the success of the plaintiff on appeal and the analysis that was undertaken. Moreover, while NELA appears to have given some advice to plaintiff's counsel regarding their briefs, the EEOC did not intercede on Plaintiff's behalf on appeal and thus, the court finds hours expended on that endeavor to be unnecessary.  As a result, the court shall reduce the hours of each attorney by 20%.   Attorney Rockwell's fees shall be reduced 22.52 hours (at the $225.00 hourly rate) and Attorney Jansen's fees shall be reduced .38 hours (at the $175.00 hourly rate).

Plaintiff also seeks fees for 22 hours of attorney time (for a total of $4,400.00) spent  for moot court preparation and oral argument practice that counsel engaged in prior to oral argument in the present case.  Efforts that improve an attorneys skills for all clients,  not just the particular client at issue, cannot be billed to an opposing party under a fee-shifting statute. See *Hensley*, 461 U.S.at 433-37  ("[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.")  The records before the court do not indicate specifically that the moot court practice argument was practice for the arguments raised in this particular case, as opposed to general oral argument practice.  Because it is the plaintiff's burden to demonstrate the reasonableness of the hours expended and the court cannot conclude with certainty that the fees for the moot court preparation and argument were expended specifically for the benefit of this case, the court shall permit both Attorney Jansen and Attorney Rockwell to recover 5.5 hours (at the $225.00 hourly rate for Rockwell and the $175.00 hourly rate for Jansen) each or exactly half the hours expended for a total of $2,200.00.  This amount is sufficient to reimburse counsel for a portion of the expenses associated with the practice argument and also takes into account the professional development of both counsel that no doubt occurred by participating in the moot court

process.

The court has reviewed Parkview's remaining objections to appellate fees and costs, and to the extent they are not addressed in the remaining sections, those objections are overruled.

### 3.   Clerical/Administrative Tasks

By far, Parkview's loudest objection is to the number of excessive time entries reflecting merely clerical and administrative work.  It is clear that the billing records here include a great deal of excessive time by legal assistants, including time devoted to clerical or other tasks for which even the $75.00 to $85.00 rate is not remotely justifiable.  "The reason that a legal assistant's time can be billed as part of an attorney fee in the first place is that the assistant does work that an attorney would otherwise have done, and does it at a lower hourly rate." *Eli Lilly and Co. v. Zenith Goldline Pharmaceuticals, Inc.* 264 F.Supp.2d 753, 776 -777 (S.D.Ind. 2003) (citing *Missouri,* 491 U.S. at 287-88 & n. 10, explaining rationale and cautioning: "Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").  Indeed, the relevant inquiry is "whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 553 (7th Cir.1999). Accordingly, the court disallows entries which detail clerical tasks that need not be performed by attorneys, such as time spent filing motions, faxing, or photocopying. *See Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 553 (7th Cir.1999)(the district court should disallow time spent on what are essentially clerical or secretarial tasks).

In this case, the tasks for which plaintiff's counsel seeks  an award of paralegal/legal assistant fees include organizing file folders, document preparation, and copying documents, scheduling various matters, mailing letters, and other vague tasks such as "maintaining file integrity."  These

are all tasks that are administrative and clerical in nature and thus, are not reimbursable fees.  For this reason, the court has reviewed the time entries and disallows 25.5 hours in legal assistant time spent on purely clerical or administrative tasks.  In addition, to the extent attorney time was utilized for clerical or administrative tasks, those entries shall also be disallowed in the amount of 1.85 hours (at the $210.00 hourly rate).[7]

---

[7]All of the disallowed entries are detailed below as follows:

| Date | Timekeeper # | Disallowed | Reason Disallowed |
|------|--------------|------------|-------------------|
| 11/06/01 | 10 | .25 of .50 hrs | clerical |
| 11/19/01 | 24 | .70 | clerical |
| 3/14/02 | 24 | .10 | clerical |
| 3/21/02 | 24 | .30 | clerical |
| 3/25/02 | 24 | .30 | clerical |
| 3/26/02 | 24 | .70 | clerical |
| 3/27/02 | 24 | .20 | clerical |
| 4/04/02 | 24 | .30 | clerical |
| 6/20/02 | 24 | .10 | clerical |
| 7/02/02 | 24 | .30 | clerical |
| 7/08/02 | 24 | .50 | clerical |
| 7/23/02 | 24 | .10 | clerical |
| 7/25/02 | 24 | .10 | clerical |
| 7/30/02 | 24 | .30 | clerical |
| 8/15/02 | 24 | 1.0 | clerical |
| 8/28/02 | 24 | .20 | clerical |
| 9/10/02 | 24 | .30 | clerical |
| 9/17/02 | 24 | .30 | clerical |
| 10/29/02 | 24 | .50 | clerical |
| 11/07/02 | 24 | .50 | clerical |
| 11/11/02 | 24 | .20 | clerical |

| 11/15/02 | 24 | .10 | clerical |
|---|---|---|---|
| 11/19/02 | 24 | .10 | clerical |
| 11/25/02 | 24 | .70 | clerical |
| 11/27/02 | 24 | .50 | clerical |
| 12/20/02 | 24 | .20 | clerical |
| 1/06/03 | 24 | .10 | clerical |
| 3/03/03 | 24 | .60 | clerical |
| 3/19/03 | 24 | .20 | clerical |
| 4/02/03 | 24 | .20 | clerical |
| 4/10/03 | 24 | .10 | clerical |
| 4/11/03 | 24 | .10 | clerical |
| 4/21/03 | 24 | .30 | clerical |
| 4/24/03 | 24 | .20 | clerical |
| 4/28/03 | 24 | .30 | clerical |
| 4/29/03 | 24 | .20 | clerical |
| 5/22/03 | 24 | .60 | clerical |
| 5/27/03 | 24 | .80 | clerical |
| 7/15/03 | 24 | 1.6 | clerical |
| 7/28/03 | 10 | .80 | clerical |
| 7/31/03 | 10 | .50 | clerical |
| 10/03/03 | 10 | .30 | clerical |
| 10/15/03 | 24 | .60 | clerical |
| 12/24/03 | 24 | .50 | clerical |
| 7/19/04 | 24 | 1.90 (billing rate changed to $85.00) | clerical |
| 7/21/04 | 24 | .60 | clerical |
| 7/29/04 | 24 | .50 | clerical |
| 8/12/04 | 24 | .30 | clerical |
| 8/27/04 | 24 | 2.30 | vague / clerical |
| 9/21/04 | 24 | .80 | clerical |

### 4.        PowerPoint Presentation at Trial

Parkview next objects to 74.7 hours expended by a paralegal to create, prepare and operate a PowerPoint presentation during the two and one half days of trial in this case.  In sharp contrast to these amounts, Parkview expended less than 5 hours on what the court believes (after seeing both presentations) was an equally detailed and complex powerpoint presentation.  The largest portion of these charges is for a legal assistant to operate the powerpoint presentation during the trial, a task that could have been performed by someone at a lower hourly rate.   As a result, the court is disallowing 37.35 legal assistant hours (or 50% of the time spent) for creation and operation of the powerpoint presentation as unnecessary, unreasonable, and generally excessive.

### 5.        Plaintiff's Medical Records

Parkview objects to, what it considers exorbitant fees, associated with gathering Plaintiff's medical records as unnecessary to the litigation.  From this court's review of the billing records, the total time expended was 5.7 hours and the majority of the time was spent by a legal assistant at a

| 9/22/04 | 24 | .80 | clerical |
|---------|----|----|----------|
| 10/20/04 | 24 | 1.70 | clerical/unnecessary |
| 12/03/04 | 24 | .80 | clerical |
| 2/15/05 | 24 | .80 | Vague, clerical, unneccessary |
| **TOTALS** | **#24** | **25.5 hours total**<br>•   **10.5 hours disallowed at $85.00/hour**<br>•   **15 hours disallowed at $80.00/hour** | |
| | **#10** | **1.85 hours disallowed at $210.00/hour** | |

14

substantially lower billing rate than an attorney.[8]  Regardless, Parkview argues that since Plaintiff's medical records were not utilized at trial nor were they requested by Parkview during discovery, any time spent retrieving these documents is excessive.  In response, Plaintiff argues that Parkview's counsel proceeded until the final pretrial conference as though Plaintiff's medical records would be relevant at trial.  The documents were listed in their exhibit list; the witness list had one of Plaintiff's doctors listed, etc.  As a result, Plaintiff contends that she had to be ready to rebut whatever evidence or testimony Parkview intended to bring out at trial.  Given the few hours expended and the fact that most of the hours were performed by a legal assistant, the court does not find these hours excessive, unreasonable or unnecessary.

### 6.        Fees Charged to Assemble Fee Petitions

Parkview also objects to amounts charged by Plaintiff's counsel to draft its fee petitions claiming that the amounts charged are excessive considering that the fee petition is generated mainly from counsel's own billing records which are compiled throughout the course of litigation.

---

[8] The time entries challenged that relate to medical records are as follows:

| Date | Timekeeper | Hours | Rate | Amount |
|---|---|---|---|---|
| 06/18/02 | 24 | 1.6 | $  80.00 | $  128.00 |
| 06/28/02 | 24 | .2 | 80.00 | 16.00 |
| 10/31/02 | 24 | 1.0 | 80.00 | 80.00 |
| 03/11/03 | 24 | .3 | 80.00 | 24.00 |
| 08/31/04 | 10 | 2.0 | 225.00 | 450.00 |
| 08/31/04 | 24 | .7 | 85.00 | 59.50 |
| **TOTAL** | | **5.8** | | **$  757.50** |

Generally,  the court has discretion to deny all the hours spent preparing a fee petition if the petition is "exorbitant," thus multiplying work for the opposing party and the court.  E.g., *Muscare v. Quinn*, 680 F.2d 42, 45 (7th Cir. 1982).  In contrast, where the defendant's objections are so numerous so as to cause lengthy briefs from the prevailing party, more leniency is provided to the time spent seeking the recovery of fees and costs.  E.g., *Heder v. City of Two Rivers*, 255 F.Supp.2d 947, 961-62 (E.D. Wis. 2003) (12 hours reasonable on fee petition where 214.5 hours spent on merits and defendants strenuously contested fee petition, requiring lengthy briefs from prevailing party).

Here, Plaintiff's counsel spent a total of 67.9[9] hours related to the recovery of fees and costs.

_____

[9]These hours are computed based upon these entries:

| Date | Timekeeper | Hours | Rate | Amount |
|---|---|---|---|---|
| 03/14/03 | 10 | .6 | $    225.00 | $    135.00 |
| 06/14/04 | 24 | 2.5 | 85.00 | 212.50 |
| 06/15/04 | 10 | 1.5 | 225.00 | 337.50 |
| 06/16/04 | 24 | .8 | 85.00 | 68.00 |
| 06/18/04 | 10 | .7 | 225.00 | 157.50 |
| 06/18/04 | 24 | .3 | 85.00 | 25.50 |
| 07/02/04 | 10 | 1.3 | 225.00 | 292.50 |
| 07/06/04 | 10 | .6 | 225.00 | 135.00 |
| 10/14/04 | 10 | 2.5 | 225.00 | 562.50 |
| 10/18/04 | 24 | 1.5 | 85.00 | 127.50 |
| 10/25/04 | 10 | 2.8 | 225.00 | 630.00 |
| 10/25/04 | 17 | 1.0 | 185.00 | 185.00 |
| 10/26/04 | 10 | 4.0 | 225.00 | 900.00 |
| 10/26/04 | 17 | 1.0 | 185.00 | 185.00 |
| 10/27/04 | 10 | 4.0 | 225.00 | 900.00 |
| 10/27/04 | 17 | .6 | 185.00 | 111.00 |

Of these 67.9 hours, lead counsel spent 53.8 hours (at $225.00 / hour) assembling the various petitions. While there were a number of filings such as original fee petitions, supplemental petitions and consolidated petitions, not all of these filings were made in response to a court order. At the conclusion of trial, the undersigned required Plaintiff to file a request for fees and costs so as to put Parkview on notice of their potential liability prior to a scheduled settlement conference. Similarly, after ruling on the post-trial motions, the court, for its convenience, ordered the parties to file consolidated fee petitions and objections. The consolidated request by the court was in direct

| 11/10/04 | 10 | .5 | 225.00 | 112.50 |
|---|---|---|---|---|
| 11/11/04 | 10 | 1.0 | 225.00 | 225.00 |
| 11/15/04 | 10 | 8.0 | 225.00 | 1,800.00 |
| 11/20/04 | 10 | 12.0 | 225.00 | 2,700.00 |
| 11/22/04 | 10 | .7 | 225.00 | 157.50 |
| 11/22/04 | 17 | .5 | 185.00 | 92.50 |
| 11/30/04 | 17 | 4.5 | 185.00 | 832.50 |
| 12/02/04 | 10 | 1.0 | 225.00 | 225.00 |
| 02/23/05 | 10 | 1.0 | 225.00 | 225.00 |
| 02/23/05 | 10 | 1.0 | 225.00 | 225.00 |
| 02/28/05 | 10 | 1.6 | 225.00 | 360.00 |
| 03/03/05 | 24 | .3 | 85.00 | 25.50 |
| 03/09/05 | 10 | 3.0 | 225.00 | 675.00 |
| 04/13/05 | 10 | 1.5 | 225.00 | 337.50 |
| 04/14/05 | 24 | 1.1 | 85.00 | 93.50 |
| 04/20/05 | 10 | 1.5 | 225.00 | 337.50 |
| 05/04/05 | 10 | 3.0 | 225.00 | 675.00 |
| **TOTAL** | | **67.9** | | **$ 14,063.50** |

response to the fact that plaintiff's counsel filed supplemental fee and cost petitions after briefing on the post-trial motions, which, in turn, spawned more objections from defense counsel. Thus, the consolidated fee petitions were intended to simplify the court's task of reviewing the numerous fee and cost issues.

This said, 67.9 hours at a cost of $14,063.50 devoted solely to fee petitions and costs is excessive. The reason it is excessive is that plaintiff's counsel and defense counsel both engaged in litigiousness in their briefs that caused counsel on both sides to spend additional time on what, in the end, are frivolous issues related to fees and costs. The court also was required to enter an order admonishing the parties' conduct and instructing them not to file any further briefs on the issue of fees and costs. *See Docket #175.* As a result, while the court shall reduce the amount of fees requested, it shall not reduce it as far as it otherwise would [10] given that both sets of counsel are to blame for the excessive time spent arguing over fees and costs. The hours requested shall be reduced by 20%. Thus, the hours spent on fee and cost petitions will be reduced 13.58 hours.

### Recapitulation of Lodestar Calculation

Plaintiff sought $170,398.00 in reasonable fees. Based upon the conclusions above, the total fees disallowed is $18,232.37 (see below) for a total lodestar amount of $152,165.63.

| Billing Party | Total Hours Sought | Disallowed Hours | Total Disallowed |
|---|---|---|---|
| (10) Rockwell | 488.8 hours | 3.09 hrs at $210.00<br>28.02 hrs at $225.00<br>10.76 hrs on fee petition at $225.00 | $9,374.40 |

---

[10]The court would have reduced the amount by 40%.

| (17) Jansen | 274.3 hours | 18.28 hrs at $175.00 <br> 1.52 hrs on fee petition at $185.00 | $3,480.20 |
|---|---|---|---|
| (9) Sistevaris | 2.7 hours | 0 | $0 |
| (24) Legal Assistant | 116.4 hours | 47.85 hrs at $85.00 <br> 15.00 hrs at $80.00 <br> 1.30 hrs on fee petition at $85.00 | $5,377.75 |
| (32) Legal Assistant | 32 hours | 0 | $0 |
| **TOTAL FEES DISALLOWED** | | | **$18,232.37** |

**Adjustments**

Once the lodestar is calculated, it can then be adjusted in light of factors such as the results obtained, *Hensley*, 461 U.S. at 434.  Absent an appropriate adjusting factor, "there is ... a strong presumption that the lodestar figure represents a reasonable fee." *Quaratino*, 166 F.3d at 425 (citation and internal quotation omitted).   In this case, Plaintiff obtained a near complete vindication of her federal rights.  Plaintiff prevailed at trial on both compensatory and punitive damages and but for an award of front pay, plaintiff prevailed on every post-trial motion.  Thus, there is no adjustment for the results obtained nor does Parkview suggest that there should be such an adjustment. Moreover, Parkview does not indicate any other reason why an adjustment to the lodestar should occur and thus, the court concludes that a reasonable fee in this cause is $152,162.63.

**Costs and Expenses**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[e]xcept when express

19

provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Coyne-Delany Co., Inc. v. Capital Development Bd.*, 717 F.2d 219, 222 (7th Cir.1988). However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir.1995). This court must review a prevailing party's bill of costs in scrupulous detail. As the Supreme Court has explained, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur ... [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

Rule 54(d) works in tandem with 28 U.S.C. § 1920 and "cannot be stretched beyond the parameters defined in section 1920" to encompass charges "unenumerated in [section 1920]." *In re San Juan Plaza Hotel Fire Litigation*, 994 F.2d 956, 964 (1st Cir.1993). The taxable costs which may be recovered as specified in 28 U.S.C. §1920  include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers "necessarily" used in the case; (5) docketing fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. §1920.  The court shall address each of these categories *seriatim* keeping in mind the Seventh Circuit's mandate that the district court judges "provide at least a modicum of explanation when entering an award of costs." *Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 455 (7th Cir. 1998); See also, e.g., *Weeks v. Samsung Heavy Industries Company, Ltd.*, 126 F.3d 926,  946 (7th Cir. 1997) (noting that district court's order regarding costs "might have been more clear had [it]

20

specifically itemized those costs and addressed the [plaintiff's] arguments"); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1585 (7th Cir. 1990) (expressing "concern over district court orders that insufficiently detail the court's reasons for denying costs").

###   1.     Fees of the Clerk

Plaintiff requests $150.00 reimbursement for fees of the Clerk   Defendant does not object to this item and accordingly, Plaintiff is entitled to $150.00 for fees of the Clerk.

###   2.     Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case

Plaintiff seeks reimbursement of $2,357.30 for transcripts.   Defendant objects only to an expenditure of $181.30 for a transcript of closing arguments requested by Plaintiff's counsel during the briefing of the post-trial motions in this case. According to Plaintiff's counsel, the transcript was requested based upon a footnote in the court's request for additional briefing on the issue of punitive damages wherein the court noted that it recalled counsel arguing a particular issue during closing argument.  Parkview argues that the plaintiff cannot justify this cost as a necessary expense for two reasons.  First, since Plaintiff's counsel wrote and delivered the closing argument, she should know what she said and thus, a transcript was unnecessary.  Second, Parkview contends that because Plaintiff did not cite to the transcript in any post-trial brief nor was anything contained in the closing argument evidence which could be utilized in such briefs, the transcript was unnecessary.  This court agrees.  While the court had a mild concern that arguments made during closing were contrary to the evidence presented at trial, the subject of the briefing request by the court related to very specific evidentiary issues during trial. Even the court did not have a transcript of closing argument prepared for its review of this matter which is why the court indicated in the footnote that it was "to the

court's recollection" that certain matters hadn't been presented outside of closing argument.   Thus,

it was not necessary to the litigation for counsel to obtain a transcript of closing arguments and the

$181.30 for this transcript is disallowed.  In total, Plaintiff is entitled to $2,176.20 in transcript costs.

### 3.   Fees and Disbursements for Printing

Plaintiff also seeks $92.00 for printing costs based upon a rate of $.15 per page.

Reimbursement for photocopies is an allowable cost provided that the copies were "necessarily

obtained for use in the case."  28 U.S.C. §1920(4).  "The party seeking recovery of photocopying

costs must come forward with evidence showing the nature of the documents copied, including how

they were used or intended to be used in the case." *Corsair Asset Management, Inc. v. Moskovitz*,

142 F.R.D. 347, 353 (N.D.Ga.1992); *see also Levka v. City of Chicago*, 107 F.R.D. 230, 231

(N.D.Ill. 1985); *Baxter International v. McGraw, Inc.*,1998 WL 102668, *2 (N.D.Ill. March 3, 1998)

("The party seeking such costs must provide the court with a breakdown of the copying charges.").

Plaintiff does not identify the number of copies made or provide much detail other than that the

amount incurred was for copies of exhibits filed with Plaintiff's summary judgment opposition.

Nonetheless, the number of copies  is easily discerned by dividing the per page rate into the amount

requested.  After performing this calculation, it appears that Plaintiff is seeking reimbursement for

613 copies.  Defendant objects to this cost claiming it is vague and undocumented.  The court

disagrees and thus, shall allow recovery for 613 copies.  However, the per page rate is excessive;

$.10 per page is appropriate[11] and thus, Plaintiff is entitled to $61.30 for printing.

---

[11]Seventh Circuit precedent instructs that charges for in-house copying may not exceed the charges of an outside printshop, unless the party can demonstrate why the higher in-house charge is appropriate. *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001); *Martin v. United States*, 931 F.2d 453, 455 (7th Cir.1991).  The Court notes that local print shops charge $0.09 to $0.10 per page for standard photocopying and finds that $0.10 per page is a reasonable charge for in-house copying.

4.      **Witness Fees**

Costs under Rule 54(d)(1) and 28 U.S.C. §1920 also include witness fees.  *See* 28 U.S.C.

§1920(3). . Plaintiff seeks witness fees of $80.00 for attendance of her witnesses at trial.  Parkview

offers no objection and thus, Plaintiff is entitled to $80.00 for witness fees.

5.      **Exemplification and Copies of Papers Necessarily Obtained for Use in the Case**

Plaintiff seeks $154.49 which represents the cost of obtaining her medical records.  As

detailed previously, Plaintiff's medical records were not utilized at trial nor were they sought by

Parkview during discovery.  Nonetheless, until the final pretrial conference, Plaintiff's counsel

believed that Parkview was planning to call Plaintiff's doctor and/or argue plaintiff's medical history

during its case in chief.  Plaintiff was certainly entitled to be able to refute and/or provide evidence

via her own medical records if this had occurred.   Thus, the amount incurred for obtaining the

medical records was necessarily obtained for use in this case.   These costs are, therefore, a

permissible cost.

6.  **Miscellaneous Requests**

Plaintiff seeks $225.00 for the cost of mediation expenses for the services of the  mediator

engaged pursuant to the practice of this court.  Mediation expenses are not compensable under 28

U.S.C. §1920 as "costs," *see E.g., Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)

(§1920 does not list mediation fees as taxable costs); *Kansas v. Defenbaugh Indus., Inc.*, 154 F.R.D.

269, 270 (D.Kan. 1994).  Nonetheless, Plaintiff seeks recovery for this expense as part of her

attorney's fee award claiming that the mediation services were court-ordered and a required

expenditure.  Plaintiff cites no authority for the recovery of these expenses as part of a reasonable

23

fee and thus, the amount is denied.

## Costs Summary

|  | **Amount** |
|---|---|
| Clerk Fees | 150.00 |
| Court Reporter Fees | 2,176.00 |
| Printing Fees | 61.30 |
| Witness Fees | 80.00 |
| Exemplification and Copies | 154.49 |
| Appellate Costs | 675.48 |
| **TOTAL** | **3,297.27** |

## CONCLUSION

Based on the foregoing, Plaintiff's Consolidated Final Request for Fees and Costs is GRANTED. Plaintiff is entitled to reasonable fees in the amount of $152, 165.63 and costs in the amount $3,297.27.

Entered: This 8th day of June, 2005.

s/ William C. Lee
United States District Court
Northern District of Indiana

3.

24